NOT DESIGNATED FOR PUBLICATION

No. 112,607

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON JAY KREITER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cloud District Court; KIM W. CUDNEY, judge. Opinion filed November 6, 2015. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Robert A. Walsh*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*:  Brandon Jay Kreiter solicited an underage girl for sexual activity through text messages. He pled no contest to indecent solicitation of a child and received probation. As his probation period wore on, he repeatedly violated the terms of that probation by, among other things, consuming alcohol, breaking curfew, and using a smart phone to access the internet. After a hearing, the district court determined that he violated his probation and required he serve his underlying prison sentence. Kreiter appeals that ruling. We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

After Kreiter repeatedly text messaged a 15-year-old girl in an attempt to engage her in sexual activity, the State charged him with a single count of indecent solicitation of a child. Kreiter eventually pled no contest to this charge, and the district court convicted him. Kreiter received a sentence of 24 months' probation with an underlying prison sentence of 18 months.

Kreiter agreed to numerous conditions of probation, including: not living with minors, not contacting minors, completing a state-approved sex offender program, not viewing or posting pornographic materials, not consuming alcohol, submitting to random drug and alcohol tests, gaining and maintaining employment, and obeying curfew. Kreiter also agreed to participate in a sex offender management program, which restricted his access to computers and the internet. Specifically, the program forbade him from using devices that connect to the internet, as well as any chat rooms, instant messaging accounts, or unapproved internet services or accounts. The program also banned Kreiter from using any "software application that wipes any disc space or drives."

Several months into his probation term, a community corrections officer authorized Kreiter's arrest for his failure to attend an appointment with his supervising officer. He served 2 days in jail for this violation. A few months later, Kreiter again violated his probation, this time by breaking curfew and by consuming alcohol at a party. Kreiter again served 2 days in jail for these violations.

Shortly thereafter, the State moved to revoke Kreiter's probation. In addition to the foregoing violations, the State's motion alleged that Kreiter possessed an unauthorized smart phone, accessed the internet, maintained an online account at Plenty of Fish, and engaged in text messaging. The phone also contained hidden files and a sexually explicit

photograph of a man's clothed crotch. The motion also alleged that Kreiter failed to maintain regular employment.

At a hearing on the motion, Community Corrections Officer Christine Witt outlined all these violations and noted that Kreiter had lost his most recent job since the filing of the motion to revoke. Witt also provided that she had received phone calls from "concerned parents" claiming that Kreiter used Facebook under an alias and attempted to solicit sex through that account. However, Witt never uncovered a Facebook account but did find one on an online dating service. Witt testified that when Kreiter turned over his phone, she uncovered numerous hidden files and discovered several applications that connected to the internet and used internet data. Additionally, Witt testified that when Kreiter submitted to a polygraph test, "there was a significant reaction" to questions concerning illegal sexual activity and the consumption of drugs and alcohol.

Overall, Witt believed that Kreiter "ha[d] not taken his probation seriously," noting that he had been discharged from the only sex offender treatment program available outside the prison system. Witt acknowledged that Kreiter struggled with alcohol but never received treatment and that other sex offender treatment programs existed. Witt further admitted that she had no way of knowing what Kreiter searched for or viewed while using the internet on his phone.

While the State requested that the district court revoke Kreiter's probation, Kreiter proposed that he remain on probation but complete a brief prison sanction and be subject to stricter conditions, including the requirement that he obtain alternate sex offender treatment and be banned from possessing any sort of cell phone. Ultimately, the district court rejected Kreiter's proposal. The district court determined that Kreiter violated his probation in a number of ways, including by using the internet, an "activity that was similar to what caused [his] conviction in this case." Because of concern that Kreiter's

3

online activity "was somehow sexual," the district court revoked Kreiter's probation and ordered him to serve his underlying sentence.

Kreiter timely appealed.

ANALYSIS

*Did the district court abuse its discretion revoking Kreiter's probation*?

Unless required by law, probation is a privilege and not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once there is evidence of a probation violation, revocation of that probation is in the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). An abuse of discretion only occurs when a judicial action is arbitrary, fanciful, or unreasonable, based on an error of law, or based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

On appeal, Kreiter raises no objection to the district court's determination that he violated his probation. He also points to no errors of law or fact that might justify reversing the district court's decision. Instead, he argues only that the district court acted unreasonably by revoking his probation due to his young age, his struggles with alcohol abuse, and the availability of other sex offender treatment programs.

Kreiter fails to recognize that the district court focused not on the alcohol consumption or his discharge from sex offender treatment but on the internet-based nature of his violations. Kreiter's conviction for indecent solicitation of a child stemmed from inappropriate text messages he exchanged with a 15-year-old girl. These messages included requests for pictures "in various states of undress." Due to the nature of his offense, Kreiter agreed to participate in a sex offender management program that limited his access to the internet and instant messaging services. When Witt searched his smart

4

phone, she discovered a picture of a clothed, male crotch, an online dating account in Kreiter's name, and a number of text messages, all of which violated the sex offender management program and Kreiter's probation. The severity of these activities, especially in light of Kreiter's conviction, overrides the potentially mitigating effects he now emphasizes on appeal.

Based on the record as a whole and Kreiter's numerous probation violations, it cannot fairly be said that the district court acted fancifully, arbitrarily, or unreasonably by revoking Kreiter's probation.

Affirmed.